**Christopher Lundberg,** OSB No. 941084
Email:   clundberg@hk-law.com
**HAGLUND KELLEY LLP**
2177 SW Broadway
Portland, Oregon 97201
Phone: (503) 225-0777

**Jonathan D. Carvajal, Esq**. *(Pro Hac Vice)*
Fla. Bar No. 121485
Email: jonathan@tremblylaw.com
**Luis E. Martinez, Esq**. *(Pro Hac Vice)*
Fla. Bar No.: 1039267
Email: Luis@tremblylaw.com
**TREMBLY LAW FIRM**
9700 South Dixie Highway, Penthouse 1100
Miami, Florida 33156
Phone: (305) 431-5678

   Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Eugene Division)

| | |
|---|---|
| CHET MICHAEL WILSON, Individually and on behalf of all other similarly situated, <br><br>    Plaintiff, <br> v. <br><br> HOMELAND INSURANCE LLC, <br><br>    Defendant. | Case No.: 6:26-cv-00345-MTK <br><br> **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES** |


   Defendant, HOMELAND INSURANCE, LLC ("HOMELAND"), by and through its

undersigned counsel, hereby answers the Class Action Complaint ("Complaint") filed by

Plaintiff, CHET MICHAEL WILSON ("WILSON"). Except as expressly admitted herein,

HOMELAND denies each allegation of the Complaint. To the extent any allegation is not

Page 1 – **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

specifically addressed below, it is denied. HOMELAND reserves the right to amend this Answer and to assert additional defenses as discovery proceeds.

## NATURE OF THIS ACTION

1.  HOMELAND admits that WILSON purports to bring this action as a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. HOMELAND denies that it violated the TCPA or that WILSON or any putative class member is entitled to any relief.

2.  HOMELAND denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.  Admit.

4.  HOMELAND is without knowledge; therefore, denied.

## PARTIES

5.  HOMELAND is without knowledge; therefore, denied.

6.  HOMELAND admits that it is a limited liability company and a "person" as defined by 47 U.S.C. § 153(39). HOMELAND denies all remaining allegations in Paragraph 6.

## BACKGROUND

7.  Paragraph 7 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, HOMELAND admits that the TCPA was enacted as generally described and denies all remaining allegations.

8.  Paragraph 8 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, HOMELAND acknowledges the existence of the National Do-Not-Call Registry ("DNC Registry") and denies all remaining allegations.

## PLAINTIFF'S ALLEGATIONS

9.  HOMELAND is without knowledge; therefore, denied.

Page 2 – **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

10. HOMELAND is without knowledge; therefore, denied.

11. HOMELAND is without knowledge; therefore, denied.

12. HOMELAND is without knowledge; therefore, denied.

13. HOMELAND is without knowledge; therefore, denied.

14. HOMELAND is without knowledge; therefore, denied.

15. HOMELAND is without knowledge; therefore, denied.

16. HOMELAND lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 and therefore denies the same.

17. HOMELAND is without knowledge; therefore, denied.

18. HOMELAND is without knowledge; therefore, denied.

19. HOMELAND is without knowledge; therefore, denied.

20. HOMELAND is without knowledge; therefore, denied.

21. HOMELAND is without knowledge; therefore, denied.

22. HOMELAND denies the allegations in Paragraph 22.

23. HOMELAND admits that it maintains a Facebook page. HOMELAND denies all remaining allegations in Paragraph 23.

24. HOMELAND is without knowledge; therefore, denied.

25. HOMELAND is without knowledge; therefore, denied.

26. HOMELAND is without knowledge; therefore, denied.

27. HOMELAND is without knowledge; therefore, denied.

28. HOMELAND is without knowledge; therefore, denied.

29. HOMELAND is without knowledge; therefore, denied.

30. HOMELAND is without knowledge; therefore, denied.

Page 3 – **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

31. HOMELAND is without knowledge; therefore, denied.

32. HOMELAND denies the allegations in Paragraph 32.

33. HOMELAND denies the allegations in Paragraph 33.

### CLASS ACTION ALLEGATIONS

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, HOMELAND denies that class certification is appropriate and denies that WILSON satisfies the requirements of Fed. R. Civ. P. 23 and Oregon Local Rule 23-2.

35. Paragraph 35 contains definitions and allegations to which no response is required. To the extent a response is required, HOMELAND is without knowledge; therefore, denied.

36. HOMELAND denies the allegations in Paragraph 36.

37. HOMELAND denies the allegations in Paragraph 37.

38. HOMELAND denies the allegations in Paragraph 38.

39. HOMELAND denies the allegations in Paragraph 39.

40. HOMELAND denies the allegations in Paragraph 40.

41. HOMELAND denies the allegations in Paragraph 41.

42. HOMELAND denies the allegations in Paragraph 42.

43. HOMELAND denies the allegations in Paragraph 43.

44. HOMELAND denies the allegations in Paragraph 44.

45. HOMELAND denies the allegations in Paragraph 45.

46. HOMELAND denies the allegations in Paragraph 46.

47. HOMELAND denies the allegations in Paragraph 47.

48. HOMELAND denies the allegations in Paragraph 48.

49. HOMELAND denies the allegations in Paragraph 49.

50. HOMELAND denies the allegations in Paragraph 50.

51. HOMELAND denies the allegations in Paragraph 51.

52. HOMELAND denies the allegations in Paragraph 52 and all subparts a. through d.

53. HOMELAND denies the allegations in Paragraph 53.

54. HOMELAND denies the allegations in Paragraph 54.

55. HOMELAND denies the allegations in Paragraph 55.

56. HOMELAND denies the allegations in Paragraph 56.

57. HOMELAND denies the allegations in Paragraph 57.

58. HOMELAND denies the allegations in Paragraph 58.

59. HOMELAND denies the allegations in Paragraph 59.

60. HOMELAND denies the allegations in Paragraph 60.

61. HOMELAND denies the allegations in Paragraph 61.

**COUNT I**
**Violation of 47 U.S.C. § 227(c)(5)**

62. HOMELAND incorporates by reference its responses to Paragraphs 1 through 61 above as though fully set forth herein.

63. Paragraph 63 references an FCC ruling that speaks for itself. To the extent a response is required, HOMELAND admits the existence of the referenced ruling and denies all remaining allegations in Paragraph 63.

64. Paragraph 64 contains legal conclusions to which no response is required. The referenced judicial decisions speak for themselves. To the extent a response is required, HOMELAND denies all remaining allegations in Paragraph 64.

65. Paragraph 65 quotes a regulation that speaks for itself and contains legal conclusions to

Page 5 – **DEFENDANT'S ANSWER &**
**AFFIRMATIVE DEFENSES**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

which no response is required. To the extent a response is required, HOMELAND denies any allegation inconsistent with the text of the regulation.

66. Paragraph 66 quotes a regulation that speaks for itself and contains legal conclusions to which no response is required. To the extent a response is required, HOMELAND denies any allegation inconsistent with the text of the regulation.

67. Paragraph 67 quotes a statute that speaks for itself and contains legal conclusions to which no response is required. To the extent a response is required, HOMELAND denies any allegation inconsistent with the text of the statute.

68. HOMELAND denies the allegations in Paragraph 68, including that it violated 47 C.F.R. § 64.1200(c) as alleged or at all.

69. HOMELAND denies the allegations in Paragraph 69.

70. HOMELAND denies the allegations in Paragraph 70.

## COUNT II
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))

71. HOMELAND incorporates by reference its responses to Paragraphs 1 through 61 above as though fully set forth herein.

72. HOMELAND denies the allegations in Paragraph 72.

73. HOMELAND denies the allegations in Paragraph 73.

74. HOMELAND denies the allegations in Paragraph 74.

### RESPONSE TO PRAYER FOR RELIEF

HOMELAND denies that WILSON is entitled to any of the relief requested in the Prayer for Relief, including but not limited to subparts a. through j., class certification, statutory

Page 6 – **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

damages, enhanced damages, injunctive relief, attorneys' fees, costs, pre-judgment and post-judgment interest, or any other relief whatsoever.

## RESPONSE TO DEMAND FOR JURY TRIAL

HOMELAND acknowledges WILSON's demand for a trial by jury and does not object to same. HOMELAND hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming any burden that would otherwise rest on WILSON, and reserving all rights to amend as permitted by Fed. R. Civ. P. 15 and the Court's scheduling order, HOMELAND asserts the following affirmative defenses:

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint, and each cause of action therein, fails to state facts sufficient to constitute a claim upon which relief can be granted against HOMELAND under the TCPA, its implementing regulations, or otherwise. HOMELAND reserves the right to move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) to the extent such right has not been waived by the filing of this Answer.

### Second Affirmative Defense
### (Prior Express Consent, Invitation, or Permission)

WILSON's claims are barred, in whole or in part, because the telephone number at issue was provided to HOMELAND by, or on behalf of, an individual who gave prior express consent, prior express invitation, or permission to receive the communications at issue. HOMELAND's records indicate that the subject telephone number was associated with a person other than WILSON, and any communications were directed to and authorized by that individual. To the extent that the telephone number was reassigned, recycled, or is now used by WILSON rather

Page 7 – **DEFENDANT'S ANSWER &**
**AFFIRMATIVE DEFENSES**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

than the person who provided it, WILSON's claims fail because HOMELAND's

communications were based on consent given by the person who supplied the number, whether

directly to HOMELAND or through a third-party lead source, web form, inquiry, or other

voluntary disclosure.

**Third Affirmative Defense**
**(No Telephone Solicitation / Non-Telemarketing Communication)**

WILSON's claims under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) are barred, in

whole or in part, because some or all of the challenged communications did not constitute

"telephone solicitations" or "telemarketing" within the meaning of the TCPA or its implementing

regulations, but were instead informational, transactional, relationship-based, or otherwise

outside the scope of the DNC Registry provisions.

**Fourth Affirmative Defense**
**(Defendant Did Not Initiate, Send, Authorize Messages)**

WILSON's claims are barred, in whole or in part, because HOMELAND did not make,

send, initiate, or cause the alleged text messages to be sent. To the extent any communications

were made, they were made by third parties including but not limited to marketing vendors, lead

generators, or independent contractors, whose conduct was not authorized, ratified, or controlled

by HOMELAND to the degree necessary to impose vicarious liability. Any liability, if

established, must be reduced or eliminated in proportion to the fault attributable to such third

parties.

**Fifth Affirmative Defense**
**(Failure to Satisfy Statutory Preconditions)**

WILSON's claims are barred, in whole or in part, because WILSON and the putative

class members cannot establish one or more required elements or statutory preconditions for

Page 8 – **DEFENDANT'S ANSWER &**
**AFFIRMATIVE DEFENSES**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

recovery under the TCPA, including but not limited to: (a) that the subject telephone number was registered on the DNC Registry at least 30 days before the alleged communications; (b) that the called party received more than one actionable communication within a twelve-month period by or on behalf of the same entity, as required by 47 U.S.C. § 227(c)(5); (c) that the subject telephone number qualifies as a "residential" number entitled to DNC Registry protection; or (d) that WILSON or the putative class members are the subscribers or customary users of the numbers at issue.

### Sixth Affirmative Defense
### (Good-Faith Compliance / No Willful or Knowing Violation)

WILSON's claims for treble or enhanced damages are barred because HOMELAND did not act willfully, knowingly, or with conscious disregard of the TCPA or any applicable regulation. HOMELAND maintained and implemented policies, procedures, and compliance measures reasonably designed to comply with the TCPA and its implementing regulations, including procedures relating to consent verification, opt-out processing, suppression-list maintenance, and DNC Registry compliance. To the extent any communication was sent to WILSON's telephone number, it was the result of a bona fide error and was not intentional. HOMELAND's actions were taken in good faith and in reasonable reliance upon the information available to it at the time.

### Seventh Affirmative Defense
### (Individualized Issues Predominate Class Allegations)

WILSON's class allegations should not be certified because individualized issues predominate over any common questions, rendering class treatment inappropriate under Fed. R. Civ. P. 23. Among other things, resolution of this case will require person-by-person inquiry into consent, the source and ownership of each telephone number, the identity of the person who

Page 9 – **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

provided the number, the residential or business character of each number, whether and when each number was registered on the DNC Registry, the purpose and content of each communication, and each putative class member's standing and damages. These individualized inquiries defeat predominance, typicality, and superiority.

### Eighth Affirmative Defense
### (Setoff & Offset)

Any recovery by WILSON or the putative class must be reduced by setoff, offset, apportionment, or credit to prevent duplicative, excessive, or otherwise impermissible recovery arising from the same alleged communications or course of conduct.

### Ninth Affirmative Defense
### (No Statutory Standing)

WILSON and the putative class members have no statutory standing to bring the alleged TCPA claims to the extent they are not the subscriber or regular user of the phone numbers at issue.

### Tenth Affirmative Defense
### (Substantial Compliance with Laws)

HOMELAND is not liable to WILSON (or the putative class members) because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

### Eleventh Affirmative Defense
### (Reasonable Practices and Procedures)

The claims brought in the Complaint are barred in whole or in part because HOMELAND has established and implemented reasonable practices and procedures to prevent violations of the TCPA (including maintaining an internal DNC list) and related regulations, and trains personnel on the same.

Page 10 – **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

**Twelfth Affirmative Defense**
**(Bona Fide Error)**

The claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA or the related regulations (which HOMELAND denies), any such violation was not intentional and resulted from a bona fide error.

**Thirteenth Affirmative Defense**
**(No Telephone Solicitation)**

HOMELAND is not liable because it did not place any telephone solicitations to WILSON or the putative class members.

**Fourteenth Affirmative Defense**
**(No Immediate Threat of Future Injury)**

WILSON's request for injunctive relief is barred with respect to any alleged TCPA claim as the alleged violations are not likely to recur.

**Fifteenth Affirmative Defense**
**(Failure to Mitigate)**

WILSON's claims are barred in whole or in part because all or some portion of WILSON's alleged injuries were cause or are attributable to WILSON's failure to take reasonable action to mitigate those damages or injuries, if any.

**Sixteenth Affirmative Defense**
**(No Violation of DNC Rules)**

WILSON's claims are barred in whole or in part because text messages and short message service (SMS) calls to consumers' telephones, including numbers on the National Do-Not-Call Registry, do not constitute as a prohibited "telephone call," within meaning of Telephone Consumer Protection Act (TCPA). *See Jones, et al. v. Blackstone*, 2025 WL 2042764 at *900 (C.D. Ill. July 21, 2025).

Page 11 – **DEFENDANT'S ANSWER &**
**AFFIRMATIVE DEFENSES**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

**RESERVATION OF RIGHT TO ASSERT FURTHER DEFENSES**

HOMELAND has not yet completed its investigation of the facts and circumstances underlying this action and expressly reserves the right to assert additional affirmative defenses, to amend or withdraw any defense, and to supplement these defenses as warranted by further factual development, discovery, expert analysis, or other information obtained in this case, as permitted by Fed. R. Civ. P. 15 and the Court's scheduling order. This reservation is not asserted as an affirmative defense.

**PRAYER FOR RELIEF**

**WHEREFORE,** having fully answered, Defendant, HOMELAND INSURANCE LLC, denies that WILSON is entitled to any relief whatsoever, individually or on behalf of any putative class, and respectfully requests that this Court:

a.     Dismiss the Complaint in its entirety with prejudice;

b.     Deny WILSON's request for class certification;

c.     Enter judgment in HOMELAND's favor and against WILSON and any putative classes;

d.     Order that WILSON take nothing by this action;

e.     Award HOMELAND its costs of suit, including reasonable attorneys' fees to the extent permitted by law; and

///

///

///

Page 12 – **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

f.      Award HOMELAND such other and further relief as this Court deems just and

proper.

Dated this 19th day of March, 2026.

HAGLUND KELLEY LLP


s/ Christopher Lundberg
Christopher Lundberg, OSB No. 941084
2177 SW Broadway
Portland, OR 97201
Telephone: 503-225-0777
E-Mail: CLundberg@hk-law.com

Jonathan D. Carvajal, Esq. *(Pro Hac Vice)*
Fla. Bar No. 121485
Luis E. Martinez, Esq. *(Pro Hac Vice)*
Fla. Bar No.: 1039267
Trembly Law Firm
9700 South Dixie Highway, Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: jonathan@tremblylaw.com
E-Mail: Luis@tremblylaw.com

Attorneys for Defendant
Homeland Insurance, LLC

Page 13 – **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2026, I served a true copy of the foregoing

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES,** on the following:

Andrew Roman Perrong, Esq.
Perrong Law, LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Email: a@perronglaw.com

Attorney for Plaintiff

by the following indicated method(s):

☐    by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorney at the last known office address of the attorney, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐    by causing a full, true and correct copy thereof to be **hand delivered** to the attorney at the last known address listed above on the date set forth above.

☐    by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorney as shown above on the date set forth above.

☐    by **faxing** a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth above.

☒    by transmitting full, true and correct copies thereof to the attorneys through the court's Cm/ECF system on the date set forth above.

*s/ Christopher Lundberg*
Christopher Lundberg, OSB No. 941084
Attorney for Defendant

Page 14 – **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**