Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529

Attorney for Plaintiff and the Proposed Class

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. 6:26-cv-00345 |
| Plaintiff, | |
| v. | **PLAINTIFF'S** |
| | **RULE 26(f) REPORT** |
| HOMELAND INSURANCE LLC | **TCPA (47 U.S.C. § 227)** |
| | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

### PLAINTIFF'S RULE 26(F) REPORT

Pursuant to Fed. R. Civ. P 26(f), Plaintiff hereby submits his discovery plan and

proposed deadlines for the Court's review and consideration[1]:

---

[1] This report is not a Joint Report because counsel for Defendant attempted to propose a bifurcated discovery schedule in this report, which the parties had not discussed at their 26(f) conference. Defendant also has insisted in the inclusion of irrelevant and nonsensical dates, such as a date to "select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation: June 12, 2026." Plaintiff edited his position statement in his section of (B)(i) of this report, below, to address these inconsistencies, while keeping Defendant's edits intact. Rather than respond in Defendant's own section of the report, Defendant instead edited the Plaintiff's own statements and positions and has refused to allow filling of a joint report, stating, "Please see attached revisions that are acceptable. I will add, your opposition to a bifurcated discovery is noted; however, will not be accepted with your color [sic] commentary.  If you wanted to do so, you should have submitted a proposed JSR in anticipation of our Rule 26(F) conference like most other Plaintiff attorney's [sic] do for the avoidance of doubt. Nevertheless, please advise." Plaintiff's counsel reiterated his offer to allow Defendant to add its own comments to its own positions, but did not receive a response. Though the parties disagree as to

26(f) Report                                    1

**(A)  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agreed that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is April 13, 2026.

**(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**(i)  Plaintiff:**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendant may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing calls and any relationship with a vendor that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telephonic complaints received by Defendant and its responses thereto as the Plaintiff is seeking to certify the following classes:

> **National Do Not Call Registry Class**: All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text

---

the scheduling and sequencing of discovery, the parties have reached agreement on all other aspects of their report, as outlined herein.

26(f) Report                                           2

messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

**Early/Late Call Class:** All persons within the United States: (1) who received one or more marketing calls from Defendant or a third party acting on behalf of Defendant; (2) before 8:00 a.m. or after 9 p.m. (local time at the called party's location); and (3) within the four years prior to the filing of the Complaint.

Discovery does not need to be completed in phases or be limited to or focused on particular issues. Plaintiff further points out that the parties never discussed the below-proposed bifurcation, nor proposed scheduling plan, at their 26(f) conference and railroaded this proposal into this report at the veritable 11th hour, at 1:50 PM Pacific Time on this Report's due date. Moreover, Defendant's scheduling proposal cites to inapplicable rules, for example, a date to "select a mediator pursuant to Local Rule 16.2," which does not exist. In any event, the Plaintiff opposes bifurcated discovery.

As an initial matter, the Plaintiff's telephone number is a residential telephone number and the Defendant has not presented any viable theory that it is not. Furthermore, the merits of the Plaintiff's individual claim and the class claims overlap. The Supreme Court has repeatedly emphasized that class certification requires a "rigorous analysis" of Rule 23, which will "frequently entail overlap with the merits of the plaintiff's underlying claim." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013). "Thus, the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery." *Blair v. Assurance IQ LLC*, No. 23-16, 2023 U.S. Dist. LEXIS 183095, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023) (denying bifurcation of discovery in a TCPA case); *see also Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) (holding the same and finding "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

26(f) Report                                3

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that limited electronically stored information ("ESI") will be produced in this case. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have agreed limited ESI will be produced. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in its native form or in unitized, fixed image format (e.g., .pdf ).

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34 and agree to electronic service of the same. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach an agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer regarding the terms of such a protective order and will endeavor to reach agreement on those terms. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

**(D)  What changes should be made in the limitations on discovery imposed under the fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(E)   Proposed scheduling deadlines:**

**(i)  Plaintiff:**

1. Amend Pleadings and Add Parties: June 30, 2026.
2. Initial Expert Disclosure Deadline: September 11, 2026.
3. Rebuttal Expert Deadline: October 9, 2026.
4. Discovery Cutoff: November 13, 2026.
5. Dispositive Motions/Class Certification: December 30, 2026.

**(F)   Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**(G)   Magistrate Judge:**

The parties do not consent to a Magistrate Judge.

DATED this 13th day of April, 2026.

> s/Andrew Roman Perrong
> Andrew Roman Perrong, OSB No. 243320
> a@perronglaw.com
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, PA 19038
> 215-225-5529
> *Lead Attorney for Plaintiff and the Proposed Class*