Christopher Lundberg, Esq.
O.S.B. No.: 941084
Haglund Kelley LLP
2177 SW Broadway
Portland, OR 97201
Telephone: 503-225-0777
E-Mail: CLundberg@hk-law.com

Jonathan D. Carvajal, Esq. *(Pro Hac Vice)*
Fla. Bar No. 121485
Trembly Law Firm
9700 South Dixie Highway, Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: jonathan@tremblylaw.com

Luis E. Martinez, Esq. *(Pro Hac Vice)*
Fla. Bar No.: 1039267
Trembly Law Firm
9700 South Dixie Highway, Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: Luis@tremblylaw.com

*Attorneys for Defendant*
*Homeland Insurance, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | 6:26-cv-00345 |
| v. | **DEFENDANT'S RULE 26(f)** |
| | **REPORT TCPA (47 U.S.C. § 227)** |
| HOMELAND INSURANCE LLC | |
| Defendant. | |
| _____/ | |

1 – DEFENDANT'S RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), Defendant, HOMELAND INSURANCE, LLC ("Defendant") hereby submits its discovery plan and proposed deadlines for the Court's review[1] and consideration. This Report is filed separately because the parties were unable to agree on a joint report. The parties disagree as to the scheduling and sequencing of discovery, specifically, Defendant proposes that discovery be conducted in phases, while Plaintiff opposes any form of phased discovery. The parties have reached agreement on all other aspects of their respective reports, as outlined herein.

**(A)** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Defendant's Initial disclosures have not yet been served. Defendant shall serve their Rule 26(a) initial disclosures no later than April 17, 2026.

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Defendant proposes that discovery be conducted on a bifurcated basis, whereby within approximately 90 days of the entry of a scheduling order, Defendant may file a Motion for Summary Judgment. This Motion for Summary Judgment will likely argue the following: (1) that Plaintiff is not a "Residential Telephone Subscriber" under the TCPA, and (2) that Plaintiff's telephone number does not qualify for the TCPA's protection of wireless telephone numbers. Prior to the filing of this

---

[1] The parties conducted a Rule 26(f) conference and reached agreement on all aspects of the discovery plan except for the sequencing of discovery. Defendant proposed a bifurcated discovery framework, routine proposed in putative class actions, which Plaintiff opposed. Defendant further proposed that the parties submit a joint report reflecting both positions; however, Plaintiff elected to file a unilateral report. To the extent Plaintiff's report attempts to mischaracterize Defendant's position or conduct during the meet-and-confer process, Defendant disputes those characterizations and submits that they do not reflect the full context of the parties' discussions. Defendant remains willing to cooperate in all discovery matters and will separately present its proposed scheduling framework for the Court's consideration.

Motion for Summary Judgment, and the resolution of it, discovery will be limited to Plaintiff's individual claims.

Conversely, Defendant requests a brief timeline to file a Motion to Bifurcate and for the Court to determine whether bifurcation is appropriate prior to class discovery from proceeding. This would allow for a judicial economy and not prejudice either party in allowing the decision to bifurcation following the ruling on the Motion for Summary Judgment as opposed to a formal motion for bifurcation.

Pending resolution of those threshold issues, broader class-wide and merits discovery should be deferred, including discovery into nationwide call data, telemarketing campaigns, vendor relationships, company-wide TCPA policies and procedures, complaints, training materials, and other class-wide ESI. If Plaintiff's claims remain after resolution of the threshold issues, the parties can then proceed with a second phase of limited class-certification discovery, followed, if necessary, by a final phase of merits and class-wide discovery pursuant to a revised scheduling order. This phased approach promotes efficiency, reduces unnecessary burden and expense, and avoids requiring the parties to engage in broad class-wide discovery before the Court resolves potentially dispositive threshold issues.

**(C)    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that only limited electronically stored information ("ESI") is expected to be produced in this case. They acknowledge their obligation to take reasonable and proportionate steps to preserve relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources that it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties further acknowledge

3 – DEFENDANT'S RULE 26(f) REPORT

that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have conferred regarding ESI and agree that only limited ESI production is anticipated. If any dispute concerning ESI arises during the pendency of this matter, the parties shall meet and confer before seeking Court intervention.

The parties shall produce ESI either in native format or in unitized, fixed-image format, such as PDF. At this time, the parties do not anticipate any significant issues relating to ESI. Plaintiff and Defendant shall serve any Requests for Production pursuant to Federal Rule of Civil Procedure 34 and agree to accept electronic service of the same. Each party shall respond in good faith and produce such hard-copy and electronic documents as it locates through a reasonable search. If, after a reasonable review of the production, either Plaintiff or Defendant determines in good faith that additional information is needed, the parties shall confer regarding the specific information sought and attempt to reach agreement on an appropriate search method to determine whether the information can be located or confirmed not to exist. If the parties are unable to reach agreement, either party may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, the Local Rules, and any other applicable Court orders.

The parties also agree that if a receiving party believes privileged or protected material may have been inadvertently disclosed or produced, that party shall notify the producing party and proceed as required if the producing party asserts inadvertent disclosure. The parties further agree that the recall, sequestration, or return of any privileged or protected material shall not constitute a waiver of the right to contest the claim of privilege or protection. They likewise agree that the mere fact of inadvertent disclosure, standing alone, is insufficient to waive any claim of privilege or protection. Before any party files a motion to compel or otherwise challenges a claim of privilege, protection, or inadvertent production or disclosure, the parties shall meet and confer in an effort to resolve the

dispute. The parties intend that this agreement be treated as an order under Federal Rule of Evidence 502(d), and they agree that Federal Rule of Evidence 502(b) shall govern any dispute concerning whether a production or disclosure was inadvertent.

Finally, the parties anticipate that certain discovery in this case may need to be governed by a protective order. They shall confer regarding the terms of any such order and endeavor to reach agreement. If the parties are unable to agree on the scope or form of a protective order, the party or parties seeking such relief may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, the Local Rules, and any other applicable Court orders.

**(D)** **What changes should be made in the limitations on discovery imposed under the fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The Parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(E)** **Defendant's Proposed scheduling deadlines:**

1. Selection of Mediator: June 12, 2026.
2. Complete all individual-claim discovery necessary for Defendant's Motion for Summary Judgment on Plaintiff's individual claims and threshold defenses: August 19, 2026.
3. Phase I fact discovery, limited to class certification issues, threshold defenses, and Plaintiff-specific issues, shall be completed by: November 20, 2026.
4. Disclosure of experts, expert witness summaries, and reports, as required by Fed. R. Civ. P. 26(a)(2): December 18, 2026.
5. Opening expert reports for Phase I, limited to class certification and threshold issues, shall be served by: December 18, 2026.
6. Disclosure of rebuttal experts, expert witness summaries, and reports, as required by Fed. R. Civ. P. 26(a)(2): January 15, 2027.
7. Rebuttal expert reports for Phase I shall be served by: January 15, 2027.
8. All Phase I expert discovery shall be completed by: January 29, 2027.
9. Mediation shall be completed by: May 21, 2027.
10. Any Phase II merits and class-wide discovery, if necessary, shall proceed pursuant to a revised scheduling order to be submitted within twenty-one (21) days after the Court's ruling on class certification.

**(F)    Electronic service:**

The Parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**(G)    Magistrate Judge:**

The Parties do not consent to a Magistrate Judge.

Respectfully Submitted and Dated this _____ day of April, 2026.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 14, 2026, I served a true and correct copy of the foregoing **RULE 26(f) REPORT TCPA (47 U.S.C. § 227) & DEMAND FOR JURY TRIAL** by:

☐ mail with postage prepaid, deposited in the U.S. mail
☐ hand delivery
☐ facsimile transmission
☐ overnight delivery
☒ electronic filing notification via the Court's CM/ECF system

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney at the address listed below:

6 – DEFENDANT'S RULE 26(f) REPORT

Andrew Roman Perrong, Esq.
Perrong Law, LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Email: a@perronglaw.com

Anthony I. Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

**TREMBLY LAW FIRM**
9700 South Dixie Highway, PH# 1100
Miami, FL 33156

By: *Jonathan D. Carvajal, Esq.*
JONATHAN D. CARVAJAL, ESQ.
Fla. Bar No. 121485 *(pro hac vice)*
E-Mail: jonathan@tremblylaw.com
E-Mail: service2@tremblylaw.com

**HAGLUND KELLEY, LLP**
2177 SW Broadway
Portland, OR 97201

By: */s/ Christopher G. Lundberg*
**CHRISTOPHER G.LUNDBERG, ESQ.**
OSB No. 941084
E-Mail: CLundberg@hk-law.com

**TREMBLY LAW FIRM**
9700 South Dixie Highway, PH# 1100
Miami, FL 33156

By: */s/ Luis E. Martinez*
LUIS E. MARTINEZ, ESQ.
Fla. Bar No. 1039267 *(pro hac vice)*
E-Mail: luis@tremblylaw.com
E-Mail: service2@tremblylaw.com