Christopher Lundberg, Esq.
O.S.B. No.: 941084
Haglund Kelley LLP
2177 SW Broadway
Portland, OR 97201
Telephone: 503-225-0777
E-Mail: CLundberg@hk-law.com

Jonathan D. Carvajal, Esq. *(Pro Hac Vice)*
Fla. Bar No. 121485
Trembly Law Firm
9700 South Dixie Highway, Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: jonathan@tremblylaw.com

Luis E. Martinez, Esq. *(Pro Hac Vice)*
Fla. Bar No.: 1039267
Trembly Law Firm
9700 South Dixie Highway, Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: Luis@tremblylaw.com

*Attorneys for Defendant*
*Homeland Insurance, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. |
| | 6:26-cv-00345 |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO QUASH SUBPOENA OR PROTECTIVE ORDER** |
| HOMELAND  INSURANCE LLC | |
| Defendant. | |
| _____/ | |

Defendant, **HOMELAND  INSURANCE LLC** ("HOMELAND"), pursuant to Federal

Rules of Civil Procedure 26(c) and 45(d)(3), for an order quashing the subpoena served on Telnyx,

LLC ("Telnyx") & Onvoy, LLC d/b/a Inteliquent ("Onvoy") or, alternatively, entering a protective order to limit production to relevant, proportional, and reasonably accessible information. In support, HOMELAND states as follows:

## INTRODUCTION

Counsel for HOMELAND certifies that, before filing this motion, counsel conferred in good faith with Plaintiff's counsel regarding the subpoenas at issue on April 16, 2026, via e-mail correspondence, two telephone calls & voicemails. This motion is supported by the accompanying memorandum and is submitted in full compliance with Fed. R. Civ. P. 7, 10, 11, 26, 34, and 45 and the Local Rules of this Court.

WILSON served two non-party subpoenas seeking subscriber and account information for two direct inward dialing ("DID") numbers: 855-490-1587 and 786-807-9140. The operative complaint, however, identifies only one number 855-490-1587, as the source of the challenged text messages. The second number, 786-807-9140, does not appear in the complaint, is not referenced in any exhibit, and is not tied to any pleaded factual allegation.

This motion does not seek to prevent legitimate third-party discovery. It seeks to ensure that such discovery remains tethered to the operative allegations and confined to information that is relevant and proportional under Rules 26 and 45. Accordingly, HOMELAND requests that the Court quash the Onvoy subpoena, which targets a number that is unpled, and narrow the Telnyx subpoena to records sufficient to identify the subscriber or account holder for the pleaded DID during an appropriately limited time period, and subject to appropriate confidentiality protections.

## BACKGROUND

WILSON filed this putative class action on February 22, 2025, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. The operative complaint alleges that WILSON

received unsolicited text messages promoting insurance services and identifies DID 855-490-1587 as the source of those messages. The complaint identifies HOMELAND as the entity responsible for the communications and seeks class relief on behalf of similarly situated recipients.

The complaint identifies only DID 855-490-1587. It does not identify DID 786-807-9140, and that number does not appear in any allegation or exhibit attached to the complaint. On April 2, 2026, WILSON served document subpoenas on two non-party telecommunications carriers: Telnyx and Onvoy. The Telnyx subpoena seeks documents referencing identifying information for DID 855-490-1587 from January 2023 to the present, including the entity's name, physical addresses, e-mail addresses, telephone numbers, and the time period during which each entity was assigned the number. The Onvoy subpoena seeks the same categories of information for DID 786-807-9140 over the same period.

HOMELAND timely objected to both subpoenas. Through this motion, HOMELAND seeks relief as to the scope of the Telnyx subpoena and to the Onvoy subpoena in its entirety, or, at minimum, an order limiting any third-party production to information properly tied to the operative complaint and subject to appropriate confidentiality protections.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3) requires the Court to quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). The Rule likewise authorizes the Court to quash or modify a subpoena that requires disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

In evaluating a subpoena directed to a non-party, the Court applies the relevance and proportionality limits of Rule 26(b)(1), which permits discovery only of nonprivileged matter

relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Because the subpoenas here are directed to non-parties, concerns regarding burden and proportionality are entitled to special weight. *See Dart Indus., Inc. v. Westwood Chem., Inc.,* 649 F.2d 646, 649 (9th Cir. 1980).

The Court has broad discretion to manage discovery and to tailor subpoena-related relief to the circumstances presented. Where some discovery may be appropriate but a subpoena, as drafted, exceeds permissible bounds, courts may modify the subpoena rather than enforce it wholesale or quash it outright. *See Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("Courts frequently modify rather than quash subpoenas.").

As a general rule, a party lacks standing to quash a subpoena served on a non-party absent a personal right, privilege, or recognized privacy interest in the information sought. *See Harbord v. Home Depot U.S.A., Inc.,* No. 3:16-cv-2179-SI, 2017 WL 1102685, at 2 (D. Or. Mar. 24, 2017). At the same time, a party to the underlying litigation has standing to seek a protective order under Rule 26(c), even where Rule 45 standing is disputed. *See Crispin v. Christian Audigier, Inc.,* 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010).

Rule 26(c), in turn, authorizes the Court, for good cause, to enter an order protecting a party or person from annoyance, oppression, undue burden, or disclosure of confidential commercial information, including by limiting the scope of discovery or requiring that such information be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1); see also LR 26-4(a).

<u>**ARGUMENT**</u>

**A.      HOMELAND Has Standing to Seek Protective Relief.**

As a general rule, a party lacks standing to move to quash a subpoena served on a non-party unless the party asserts a personal right, privilege, or recognized privacy interest in the information

sought. *See Harbord v. Home Depot U.S.A., Inc*., No. 3:16-cv-2179-SI, 2017 WL 1102685, at 2 (D. Or. Mar. 24, 2017). This case is distinguishable from *Wyatt B. v. Kotek,* No. 6:19-cv-00556-AA, 2024 WL 1905563, at 1–2 (D. Or. May 1, 2024), because the movants in *Wyatt* failed to invoke any privilege or privacy interest in the subpoenaed materials and instead challenged the subpoenas only on generalized relevance and burden grounds.

Here, by contrast, HOMELAND asserts a direct proprietary and confidentiality interest in the subpoenaed carrier records, which seek information concerning HOMELAND's telecommunications accounts, vendor relationships, and related commercial information. HOMELAND's motion is therefore not based on abstract objections to burden or relevance alone, but on a specific interest in protecting its own confidential commercial information from unnecessary disclosure.

In any event, even if Rule 45 standing were disputed, HOMELAND independently has standing to seek a protective order under Rule 26(c). A party to the underlying litigation may seek Rule 26(c) protection from discovery directed to a non-party where that discovery implicates the party's confidentiality or other protected interests. *See Crispin v. Christian Audigier, Inc.,* 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010). Accordingly, the Court may reach the merits of HOMELAND's request for protective relief regardless of any dispute over standing under Rule 45.

**B.      The Onvoy Subpoena Is Untethered to the Operative Complaint.**

The Onvoy subpoena should be quashed because it targets a telephone number that is not identified anywhere in the operative complaint. The complaint identifies DID 855-490-1587 as the source of the challenged text messages. The Onvoy subpoena, however, seeks records for DID 786-807-9140. That number does not appear in the complaint, is not referenced in any exhibit, and is not tied to any factual allegation that is pled.

Discovery must be relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Those limits apply with particular force to subpoenas directed to non-parties, because the non-party burden is entitled to special weight. *See Dart Indus., Inc. v. Westwood Chem., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980). In short, the subpoena seeks records for a number that is irrelevant; has no identified connection to the operative allegations and untethered to the claims at issue, exceeds the proper scope of non-party discovery. *See In re Subpoena of DJO, LLC,* 295 F.R.D. 494, 498–99 (S.D. Cal. 2014).

WILSON has identified no pleaded or otherwise concrete factual basis linking DID 786-807-9140 to the alleged text messages, to HOMELAND, or to any claim asserted in this action. The Onvoy subpoena is therefore speculative and overbroad and should be quashed. At a minimum, if the Court permits any discovery from Onvoy, the subpoena should be narrowed to the subject matter and time periods tied to the operative complaint and limited to records sufficient to establish only any demonstrated connection, if one exists, between the subpoenaed number and the claims actually pleaded.

### C. If the Court Permits Any Third-Party Discovery, It Should Narrow the Telnyx Subpoena and Require Attorneys'-Eyes-Only Protection.

Even where some third-party discovery may be permissible, the subpoenas as drafted seek far more than is necessary and call for disclosure of confidential commercial information. Rule 45(d)(3)(B)(i) authorizes the Court to quash or modify a subpoena that requires disclosure of "a trade secret or other confidential research, development, or commercial information," and Rule 26(c) separately authorizes the Court, for good cause, to limit the scope of disclosure and require that sensitive information be revealed only in a specified way. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); 26(c)(1)(G). Courts routinely modify subpoenas, rather than enforce them wholesale, where some

discovery may be warranted but the requests exceed the proper bounds of relevance, proportionality, and confidentiality. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

The records sought from Telnyx implicate confidential commercial information belonging to HOMELAND. As drafted, the subpoena does not merely seek information sufficient to identify the subscriber for the DID identified in the complaint. It broadly seeks all "documents referencing identifying information," including account-level details, contact information, and assignment history. Production of that material would reveal commercially sensitive information concerning HOMELAND's telecommunications vendors, account structure, internal routing arrangements, and service relationships, information that is not necessary to resolve the narrow issue relevant to WILSON's claim. Rule 45 protects precisely this type of confidential commercial information from unrestricted disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also In re Subpoena of DJO, LLC,* 295 F.R.D. 494, 497–99 (S.D. Cal. 2014) (modifying subpoena and protecting commercially sensitive information where requests swept more broadly than necessary).

The proper remedy is not wholesale enforcement of the Telnyx subpoena as written. If WILSON is entitled to any carrier discovery at all, that discovery should be limited to records sufficient to identify the subscriber or account holder for DID 855-490-1587, the dates of assignment and any reassignment of that DID, and only for the time period relevant to the allegations in the operative complaint. That narrower production would fully address any legitimate need to confirm subscriber identity and assignment history without exposing unnecessary account-level data or other confidential commercial information. *See Moon*, 232 F.R.D. at 637; DJO, 295 F.R.D. at 498–99.

Good cause also exists for a protective order governing any production that may be ordered from Telnyx or, if necessary, Onvoy. Specific prejudice would result from unrestricted disclosure of HOMELAND's proprietary telecommunications information to an adverse party in litigation. *See In*

*re Roman Cath. Archbishop of Portland in Or.,* 661 F.3d 417, 424 (9th Cir. 2011). At a minimum, any production should therefore be designated "Confidential – Attorneys' Eyes Only;" limited to counsel of record and necessary litigation support personnel; restricted to subscriber identity, assignment dates, and other information expressly ordered by the Court; and subject to redaction of extraneous contact, account, or routing information absent further order. Those conditions appropriately balance WILSON 's legitimate discovery interests, if any, against HOMELAND's confidentiality and proportionality interests under Rules 26 and 45.

## CONCLUSION

For these reasons, HOMELAND respectfully requests that the Court: (1) quash the Onvoy subpoena as to DID 786-807-9140; (2) modify the Telnyx subpoena to require only records sufficient to identify the subscriber or account holder for DID 855-490-1587, including assignment dates, for the relevant period; (3) bar disclosure of broader identifying, account-level, or commercially sensitive information absent further order; (4) require any production to be subject to an appropriate confidentiality order, including Attorneys' Eyes Only treatment; and (5) grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2026, a true and correct copy of the foregoing **MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER** was served to all parties and counsel of record via:

☐ mail with postage prepaid, deposited in the U.S. mail
☐ hand delivery
☐ facsimile transmission
☐ overnight delivery
☒ electronic filing notification via the Court's CM/ECF system

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney at the address listed below:

Andrew Roman Perrong, Esq.
Perrong Law, LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Email: a@perronglaw.com

Anthony I. Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

**TREMBLY LAW FIRM**
9700 South Dixie Highway, PH# 1100
Miami, FL 33156

By: /s/ *Jonathan D. Carvajal, Esq.*
JONATHAN D. CARVAJAL, ESQ.
Fla. Bar No. 121485 *(pro hac vice)*
E-Mail: jonathan@tremblylaw.com
E-Mail: service2@tremblylaw.com

**TREMBLY LAW FIRM**
9700 South Dixie Highway, PH# 1100
Miami, FL 33156

By: */s/ Luis E. Martinez*
LUIS E. MARTINEZ, ESQ.
Fla. Bar No. 1039267 *(pro hac vice)*
E-Mail: luis@tremblylaw.com
E-Mail: service2@tremblylaw.com