Christopher Lundberg, Esq.
O.S.B. No.: 941084
Haglund Kelley LLP
2177 SW Broadway
Portland, OR 97201
Telephone: 503-225-0777
E-Mail: CLundberg@hk-law.com

Jonathan D. Carvajal, Esq. *(Pro Hac Vice)*
Fla. Bar No. 121485
Trembly Law Firm
9700 South Dixie Highway, Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: jonathan@tremblylaw.com

Luis E. Martinez, Esq. *(Pro Hac Vice)*
Fla. Bar No.: 1039267
Trembly Law Firm
9700 South Dixie Highway, Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: Luis@tremblylaw.com

*Attorneys for Defendant*
*Homeland Insurance, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. |
| | 6:26-cv-00345 |
| Plaintiff, | |
| v. | **DEFENDANT'S PROPOSED AMENDED RULE 26(f) REPORT TCPA (47 U.S.C. § 227)** |
| HOMELAND INSURANCE LLC | |
| Defendant. | |
| _____/ | |

1 – DEFENDANT'S RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), Defendant, HOMELAND INSURANCE, LLC ("Defendant") hereby submits its discovery plan and proposed deadlines for the Court's review[1] and consideration. This Report is filed separately because the parties were unable to agree on a joint report. The parties disagree as to the scheduling and sequencing of discovery, specifically, Defendant proposes that discovery be conducted in phases, while Plaintiff opposes any form of phased discovery. The parties have reached agreement on all other aspects of their respective reports, as outlined herein.

**(A)   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Defendant's Initial disclosures have not yet been served. Defendant shall serve their Rule 26(a) initial disclosures no later than April 17, 2026.

**(B)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

"District courts possess 'inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."'" *Katz v. Liberty Power Corp., LLC*, 18-CV-10506-ADB, 2019 WL 957129, at *1 (D Mass Feb 27, 2019). "The broad discretion afforded [to] courts in handling discovery disputes extends to decisions over bifurcating discovery." *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, CIV.A. 12-2132 FLW, 2014 WL 413534, at *4 (DNJ Feb 4, 2014).

---

[1] The parties conducted a Rule 26(f) conference and did not reach an agreement on the sequencing of a discovery plan. Defendant proposed a bifurcated discovery framework, routinely proposed in putative class actions, which Plaintiff has opposed. Defendant further proposed that the parties submit a joint report reflecting both positions; however, Plaintiff elected to file a unilateral report. To the extent Plaintiff's report attempts to mischaracterize Defendant's position or conduct during the meet-and-confer process, Defendant disputes those mischaracterizations and submits that they do not reflect the full context of the parties' discussions. Defendant remains willing to cooperate in all discovery matters and will separately present its proposed scheduling framework for the Court's consideration.

"Bifurcation may be appropriate where the 'resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary.'" *Newell v. Aliera Healthcare, Inc.*, 1:19-CV-01489-SCJ, 2020 WL 13568762, at *2 (ND Ga Apr 6, 2020).

Moreover, bifurcation is particularly appropriate "in cases asserting both individual liability and potential 'class action' claims under the TCPA" where a narrow, potentially dispositive issue exists that may resolve the case "prior to costly class discovery." *Pavelka v. Paul Moss Ins. Agency, LLC,* 1:22 CV 02226, 2023 WL 3728199, at *2 (ND Ohio May 30, 2023); *see also Bilek v. Fed. Ins. Co.*, 344 FRD 484, 489 (ND Ill 2023). Notably, in TCPA class actions, courts have consistently found that bifurcation is appropriate because it is usually "more efficient" and "has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive." *Moore v. Demand Sci. Grp., LLC*, 1:22-CV-01539, 2024 WL 175743, at *1 (ND Ill Jan 4, 2024); *Akselrod v. MarketPro Homebuyers LLC*, CV CCB-20-2966, 2021 WL 100666, at *2 (D Md Jan 12, 2021); see, e.g., *Sapan v. Fin. of Am. Reverse LLC*, 8:24-CV-01213-FWS-KES, 2025 WL 1932935 (CD Cal July 14, 2025); *Osidi v. Assurance IQ, LLC*, 21-CV-11320-ADB, 2022 WL 623733, at *2 (D Mass Mar 3, 2022); *Liberty Power Corp., LLC*, 18-CV-10506-ADB, 2019 WL 957129 (D Mass Feb 27, 2019); *Leschinsky v. Inter-Cont'l Hotels Corp.*, 8:15-CV-1470-T-30MAP, 2015 WL 6150888 (MD Fla Oct 15, 2015).

Defendant intends to serve written discovery concerning the following topics: whether Plaintiff owns the home that was the topic of the subject telephone calls; whether Plaintiff provided prior express invitation or consent to receive the subject telephone calls; whether Plaintiff had an established business relationship with Defendant; whether Plaintiff's telephone number was registered to the National Do Not Call Registry for at least thirty days before receipt of the subject calls/texts; whether Plaintiff or members of the putative class use their cell phone for work; whether

Plaintiff is an adequate class representative; any prior lawsuits or threatened lawsuits under the TCPA to which Plaintiff has been a party. Defendant intends to notice the deposition of Plaintiff concerning these topics, as well as any expert witness(es) that may be designated by Plaintiff and any witnesses or third parties whose knowledge concerns the allegations in the Complaint and whose identities are presently unknown to Defendant, but which might be revealed through continuing discovery.

Defendant believes it would be most efficient for discovery to be conducted in two phases: (1) discovery necessary for Plaintiff to file a motion for class certification, which would encompass some discovery into the merits of the dispute, and for Defendant to oppose the motion (including a potential motion to strike class allegations); and (2) discovery as to the merits of the underlying claims and corresponding damages, if any. While Defendant understands there may be some crossover between merits and certification issues, Phasing discovery will allow the parties to first conduct focused discovery on the Federal Rule of Civil Procedure 23's prerequisites for class actions. Additionally, limiting initial discovery to certification issues will enable the parties to make a reasonable settlement evaluation.

**(C)  Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that only limited electronically stored information ("ESI") is expected to be produced in this case. They acknowledge their obligation to take reasonable and proportionate steps to preserve relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources that it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties further acknowledge that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. If any dispute concerning ESI arises during the pendency of this matter, the parties shall meet and confer before seeking Court intervention.

The parties shall produce ESI either in native format or in unitized, fixed-image format, such as PDF. At this time, the parties do not anticipate any significant issues relating to ESI. Plaintiff and Defendant shall serve any Requests for Production pursuant to Federal Rule of Civil Procedure 34 and agree to accept electronic service of the same. Each party shall respond in good faith and produce such hard-copy and electronic documents as it locates through a reasonable search. If, after a reasonable review of the production, either Plaintiff or Defendant determines in good faith that additional information is needed, the parties shall confer regarding the specific information sought and attempt to reach agreement on an appropriate search method to determine whether the information can be located or confirmed not to exist. If the parties are unable to reach agreement, either party may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, the Local Rules, and any other applicable Court orders.

The parties also agree that if a receiving party believes privileged or protected material may have been inadvertently disclosed or produced, that party shall notify the producing party and proceed as required if the producing party asserts inadvertent disclosure. The parties further agree that the recall, sequestration, or return of any privileged or protected material shall not constitute a waiver of the right to contest the claim of privilege or protection. They likewise agree that the mere fact of inadvertent disclosure, standing alone, is insufficient to waive any claim of privilege or protection. Before any party files a motion to compel or otherwise challenges a claim of privilege, protection, or inadvertent production or disclosure, the parties shall meet and confer in an effort to resolve the dispute. The parties intend that this agreement be treated as an order under Federal Rule of Evidence 502(d), and they agree that Federal Rule of Evidence 502(b) shall govern any dispute concerning whether a production or disclosure was inadvertent.

Finally, the parties anticipate that certain discovery in this case may need to be governed by a protective order. They shall confer regarding the terms of any such order and endeavor to reach agreement. If the parties are unable to agree on the scope or form of a protective order, the party or parties seeking such relief may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, the Local Rules, and any other applicable Court orders.

**(D)   What changes should be made in the limitations on discovery imposed under the fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The Parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(E)   Defendant's Proposed scheduling deadlines:**

1. Selection of Mediator: June 12, 2026.
2. Complete all individual-claim discovery necessary for Defendant's Motion for Summary Judgment on Plaintiff's individual claims and threshold defenses: August 19, 2026.
3. Phase I fact discovery, limited to class certification issues, threshold defenses, and Plaintiff-specific issues, shall be completed by: November 20, 2026.
4. Disclosure of experts, expert witness summaries, and reports, as required by Fed. R. Civ. P. 26(a)(2): December 18, 2026.
5. Opening expert reports for Phase I, limited to class certification and threshold issues, shall be served by: December 18, 2026.
6. Disclosure of rebuttal experts, expert witness summaries, and reports, as required by Fed. R. Civ. P. 26(a)(2): January 15, 2027.
7. Rebuttal expert reports for Phase I shall be served by: January 15, 2027.
8. All Phase I expert discovery shall be completed by: January 29, 2027.
9. Mediation shall be completed by: May 21, 2027.
10. Any Phase II merits and class-wide discovery, if necessary, shall proceed pursuant to a revised scheduling order to be submitted within twenty-one (21) days after the Court's ruling on class certification.

**(F)   Electronic service:**

The Parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of

record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**(G)    Magistrate Judge:**

The Parties do not consent to a Magistrate Judge.

Respectfully Submitted and Dated this 17th day of April, 2026.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2026, I served a true and correct copy of the foregoing **RULE 26(f) REPORT TCPA (47 U.S.C. § 227) & DEMAND FOR JURY TRIAL** by:

☐ mail with postage prepaid, deposited in the U.S. mail
☐ hand delivery
☐ facsimile transmission
☐ overnight delivery
☒ electronic filing notification via the Court's CM/ECF system

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney at the address listed below:

Andrew Roman Perrong, Esq.<br>
Perrong Law, LLC<br>
2657 Mount Carmel Avenue<br>
Glenside, PA 19038<br>
Email: a@perronglaw.com

Anthony I. Paronich, Esq.<br>
Paronich Law, P.C.<br>
350 Lincoln Street, Suite 2400

Hingham, MA 02043
Email: anthony@paronichlaw.com

**TREMBLY LAW FIRM**
9700 South Dixie Highway, PH# 1100
Miami, FL 33156

By: */s/ Jonathan D. Carvajal, Esq.*
JONATHAN D. CARVAJAL, ESQ.
Fla. Bar No. 121485 *(pro hac vice)*
E-Mail: jonathan@tremblylaw.com
E-Mail: service2@tremblylaw.com

**HAGLUND KELLEY, LLP**
2177 SW Broadway
Portland, OR 97201

By: */s/ Christopher G. Lundberg*
**CHRISTOPHER G.LUNDBERG, ESQ.**
OSB No. 941084
E-Mail: CLundberg@hk-law.com

**TREMBLY LAW FIRM**
9700 South Dixie Highway, PH# 1100
Miami, FL 33156

By: */s/ Luis E. Martinez*
LUIS E. MARTINEZ, ESQ.
Fla. Bar No. 1039267 *(pro hac vice)*
E-Mail: luis@tremblylaw.com
E-Mail: service2@tremblylaw.com

8 – DEFENDANT'S RULE 26(f) REPORT